**The below described is SIGNED.**

**Dated: October 13, 2009**  _____
**R. KIMBALL MOSIER**
**U.S. Bankruptcy Judge**



_____

# IN THE UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF UTAH

| In re: | Bankruptcy Number: 08-29014 |
|---|---|
| DAVID GARY PEARSON and LINDA JO PEARSON, | Chapter 13 |
|  | Judge R. Kimball Mosier |
| Debtors. |  |

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

The Debtors' Motion to Retain Tax Refund for 2008 ("Motion") came before the court on the 17th day of June, 2009 at 11:00 a.m. Lou Gehrig Harris appeared on behalf of David Gary Pearson and Linda Jo Pearson (the "Debtors"). Jocelyn J. Rick appeared on behalf of Kevin R. Anderson, Chapter 13 Trustee (the "Trustee"). The Court, after considering the pleadings filed by the parties and the evidence presented makes the following findings of fact and conclusions of law:

## JURISDICTION

The Court has jurisdiction over this controversy which involves a dispute that is "Core" to this bankruptcy proceeding under 28 U.S.C. § 157(b)(2) and 28 U.S.C. § 1334.

## FINDINGS OF FACT

1. This case was commenced as a voluntary Chapter 13 proceeding on December 18, 2008.

2. Based upon the information contained in Debtors' Form 22C, Debtors' income exceeds the applicable median family income for a family of conquerable size domiciled in the State of Utah.

3. Debtors' total income disclosed on line 11 of Form 22C is $11,141.60 per month.

4. Debtors list $2,975.94 on line 30 of Form 22C as the monthly expense for federal, state and local taxes other than real estate and sales taxes.

5. The $2,975.94 per month expense claimed on line 30 of Form 22C is based upon the amount withheld from Debtors' wages and retirement income for estimated federal and state income taxes.

6. On May 5, 2009, Debtors filed their Motion seeking leave of court to retain the full amount of their 2008 federal and state refunds.

7. The Motion indicates that Debtors have or will receive a total refund of $9,586.00 for tax year 2008.

8. Because Debtors received a $9,586.00 tax refund for tax year 2008, Debtors apparently withheld $798.00 per month more than was necessary to satisfy their federal and state tax obligations ($9,586.00 ÷ 12 = $798.00).

9. Pearson testified that Debtors have changed their tax withholding to reduce the amount withheld for taxes by $500.00 per month thus increasing their net income by $500.00 per month.

10. Although Debtors changed the withholding amount of their taxes to generate between $400.00 and $500.00 per month additional net income for the Debtors, they have not amended their schedule I to reflect this change.

11. Debtors confirmed plan requires that they contribute all of their federal and state tax refunds in excess of $1,000 per year into their plan during the three-year period starting with the first scheduled meeting of creditors under § 341.

12. The stated reasons advanced by Debtors to support their request to retain the entire refund was to cover the following expenses: garage door installation $640.00; replace household windows $4,763.95; carpet cleaning $325.00 and dental work $4,373.10.

13. At the hearing on the Motion, David Gary Pearson ("Pearson") testified the dental work was the result of delayed and deferred dental care resulting from the Debtors losing contact with their regular dentist.

14. Pearson testified that some of the dental work was immediately necessary and that some of the dental work could be deferred.

15. Pearson testified that the windows needed to be replaced because they were aluminum, they were over 16 years old, they had lost their seal, and that ice would build up around the windows during winter.

16. Pearson testified that $640.00 was need to replace two garage doors that were in such a state that they could no longer be repaired and posed a safety threat.

17. Pearson testified that the carpet cleaning expense of $325 was necessary because the carpets could no longer be effectively be cleaned using rental equipment.

18. Pearson testified that $1,950.00 was necessary to repair the roof of Debtors' home. The repair was necessary because of water damage to the home caused by the damaged roof.

### CONCLUSIONS OF LAW

1. Line 30 of Form 22C requires a debtor to enter the total average monthly expense that the debtor actually incurs for all federal, state and local taxes other than real estate and sales taxes.

2. Because the amount entered on line 30 of Form 22C by the Debtors was based upon the amount of tax withholding rather than the amount of taxes actually incurred, the amount entered on line 30 of Form 22C was $799.00 higher than it should have been[1].

---

[1] Of course, the Court realizes that this computation is being made with the clarity of hindsight and that all that can be expected of the Debtors is to use their best efforts to estimate the amount of actual taxes that they incur each month.

3. Because Debtors agreed to contribute the full amount of their tax returns less the first $1,000 each year, the Debtors' plan was a confirmable plan under In re Lawson, 361 B.R. 215 (Bankr.D.Utah 2007).

4. Although Debtors characterize their Motion as a "Motion to Retain 2008 Tax Refunds," the Motion is, in fact, a motion to modify plan because of the impact that granting the motion would have upon the administration of the plan. For purposes of this ruling, the Court will treat the Debtors' Motion as a motion to modify plan.

5. Pearson testified that since reducing the amount of taxes withheld, the Debtors' net income has increased between $400.00 and $500.00 per month. Because this represents a significant increase in the Debtors' income, the Debtors must amend their Schedule I to reflect the increased income.

6. The Court finds that some, but not all of the Debtors' itemized expenses for which the Debtors seek to pay with their 2008 tax refund, are of sufficient urgency and necessity to justify modification of the Debtors' plan.

7. The Court finds that it is appropriate for the Debtors to retain $1,087.00 to pay for the dental work that has been designated as "immediate work."

8. The Court finds that it is appropriate for the Debtors to retain $1,950.00 to pay for the repair of the Debtors' roof.

9. The Court finds that it is appropriate for the Debtors to retain $640.00 to pay for garage door replacement and installation.

10. The Court finds that the Debtors have failed to demonstrate that any of the other itemized expenses for which the Debtors seek to modify the plan are of such a nature to justify the further modification of the Debtors' plan.

---------------------------------------------END OF DOCUMENT------------------------------------------



## SERVICE LIST

Service of the foregoing **Findings of Fact and Conclusions of Law** will be effected through the Bankruptcy Noticing Center to each party listed below.

David Gary Pearson
1169 Pear Tree Drive
Sandy, UT 84094

Linda Jo Pearson
1169 Pear Tree Drive
Sandy, UT 84094

Lou G. Harris
Law Offices of Lou Gehrig Harris
111 East 5600 South, Suite 322
Murray, UT 84107

Kevin R. Anderson, Interim tr
c/o Chapter 13 Office
47 West 200 South
Suite 600
Salt Lake City, UT 84101